UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

EDITH JOYCE OWENS,           )
                                   )
    Plaintiff,               )
                                   )    Civil Case No. 15-cv-225-JMH
v.                              )
                                 )
UNITED STATES OF AMERICA,    )
                                 )    **MEMORANDUM OPINION & ORDER**
    Defendant.             )

\*\*\*

This matter is before the Court upon the United States' Motion for Summary Judgment [DE 33] and Plaintiff's Motion to Disclose Expert Rebuttal Testimony [DE 31].

As a preliminary matter, the Court is of the opinion that the United States is entitled to an offset for certain benefits paid or otherwise provided to Plaintiff. *See* Fed. R. Civ. P. 56(c) (stating that summary judgment is appropriate if "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (holding that existence of some alleged factual dispute between parties does not defeat a properly supported motion for summary judgment where there is no genuine issue of material fact). For example, the United States has presented evidence

that Owens receives benefits from the VAMC in the form of monthly disability benefit payments of $1,162.38 and that it has provided and will continue to provide Owens with durable equipment and assistive devices, including a vehicle and an allowance to modify it to suit her needs as a result of her injury, at no cost for the rest of her life through the Department of Veterans Affairs.

Because the United States will pay any federal tort claims award by an appropriation from unfunded general tax monies, the same source from which monies are appropriated for Owens' disability benefits and equipment and assistive devices, these would be non-collateral payments. Any award in favor of Plaintiff and against Defendant would be offset by the value of those benefits received as compensation for her injury – a credit to Defendant. *See Douglas v. United States*, 658 F.2d 445, 449 (6th Cir. 1991) (holding that state collateral source rules apply in FTCA actions); *Schwartz v. Hasty*, 175 S.W.3d 621, 626 (Ky. Ct. App. 2005) (holding that a tortfeasor generally may not receive credit for payments that the plaintiff receives from others, such as insurance companies); *see also United States v. Harue Hayashi*, 282 F.2d 599 (9th Cir. 1960) (holding that where the Veterans administration has paid hospital expenses incurred in connection with injury and paid disability benefits under the Veterans Act, compensatory damages awarded under FTCA should be

adjusted accordingly). Should Plaintiff believe that this decision is in error, the Court will entertain a motion for reconsideration.

With respect to the United States' other argument, that Plaintiff's claim fails as a matter of law because she does not have expert testimony to support her contention that the VAMC caused her injury, the Court is not inclined to grant summary judgment on this issue at this time, particularly in light of Plaintiff's Motion to Disclose Expert Rebuttal Testimony. The proposed testimony of Dr. Paul Collier would not operate as "rebuttal" as the Court understands that term because, if anything, it addresses issues on which Plaintiff bears the burden of proof. The Court understands Plaintiff's motion as an effort to introduce testimony on the merits of her case, which necessitates an extension of the deadlines set by the Court. Rather than dismiss her case outright or permit evidence to be introduced beyond the discovery framework, the Court is inclined to reopen the discovery period for a brief time, select a new deadline for dispositive motions, and set a new trial date so that this matter may be resolved on its merits.

Accordingly, **IT IS ORDERED**:

(1) That the United States' Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment [DE 33] is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE** in part;

(2) That Plaintiff's Motion to Disclose Expert Rebuttal Testimony [DE 31] is **DENIED**; and

Upon the Court's own motion, **IT IS FURTHER ORDERED:**

(3) That the Court grants leave for Plaintiff to make an amendment to the witness list to disclose Dr. Collier as an opinion witness and extends the time for discovery in this matter through **April 10, 2017,** for the sole purpose of discovery with respect to Dr. Collier.

(4) Any further dispositive motions and motions in limine should be filed no later than **May 10, 2017**.

(5) The Court continues the final pretrial conference from **February 27, 2017**, to **Monday, August 28, 2017**, at **11:00 a.m.**;

(6) The bench trial in this matter is continued from **March 7, 2017**, to **September 26, 2017**, at **9:00 a.m.**

(7) The Court further concludes that, unless the parties request it, no initial pretrial conference before the Magistrate Judge is necessary.  The parties should contact Magistrate Judge Wier's office within **ten (10) days** of entry of this order and advise him whether they wish for him to set and conduct an initial pretrial conference. If so, any initial pretrial conference should be conducted no later than one week prior to **Monday, August 28, 2017**.

(8) The United States' Motion in Limine to Exclude Testimony of Carol White [DE 27] and the Plaintiffs' Motion for

Partial Summary Judgment on Breach of the Standard of Care of Defendant [DE 32] remain pending and shall be submitted to the undersigned at the conclusion of the time for briefing anticipated by the Local Rules.

This the 6th day of February, 2017.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge