UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| EDITH JOYCE OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. |
| v. | ) | 15-CV-225-JMH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

\*\*\*

This matter is before the Court upon two motions addressing the evidence to be presented at the bench trial in this matter. Defendant has filed a Motion in Limine to Exclude the Testimony of Carol White [DE 27], a certified nurse life care planner, with respect to alleged damages. Plaintiff has filed a Response [DE 28], stating her objections. The United States has also filed a Motion in Limine or, in the Alternative, Motion for Leave to Supplement Expert Disclosure [DE 45] arguing that the Court should limit the scope of the testimony of Plaintiff's proposed opinion witness, Paul Collier, M.D. Plaintiff has filed a Response [DE 46], and Defendant has filed a Reply [DE 47] in further support of its motion. The Court addresses each motion in turn.

**I.**

With respect to opinion witnesses, the trial court acts as a gatekeeper and must exclude opinion testimony that is not

relevant or reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *see Kumho Tire Company v. Carmichael*, 526 U.S. 137 (1999) (holding that gatekeeping function is applicable to determine admissibility of all opinion testimony, not simply scientific opinions). Federal Rule of Evidence 702(b) provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if. . .the testimony is based on sufficient facts or data[.]"

With respect to the testimony of Carol White, no one disputes her qualifications to offer opinion testimony in the field of life care planning. Rather, Defendant argues that the opinions concerning certain expenses in White's report are unsupported by sufficient facts or data and should, thus, be excluded. For the reasons which follow, the Court agrees.

With respect to her opinion on the cost of CNA and RN care, White testified that she obtained that information by "calling around in the Lexington area" but did not recall specifically the source for the cost figures [Exh. A at 60, ll. 15-25, at 63, ll. 5-16.] With respect to the source of the figures that she assigned as unit costs for medical appointments, she testified that she "got those costs through other cases that I've had in that area of Kentucky, so other billing records," although she did not recall from which cases she obtained those figures. She

also testified that she used "billing records" to determine hourly rates for a psychologist and psychiatrist. She included an estimate of the cost for a total knee replacement for Owens based upon her "discussions with prosthetists, as well as a psychiatrist over the years" but acknowledged that there was no recommendation for a total knee replacement in Owens' medical records. With respect to her $50,000 estimate for a vehicle for Owens, she testified that "I don't know where my sources came from. I just know that I've called around on those and that's, that's just an average cost" and could not remember who or where she called.

With respect to Owens' ongoing need for prosthetic devices, White testified that the basis for her opinion concerning the frequency of prosthetics which might be necessary in the future, as well as the cost of those devices, was a conversation with Mo Kenney of Kenney Orthopedics. Of her conclusions with respect to prosthetic devices, she observed "that was him arriving at that figure, not me" and that "those are the numbers that I received that, that things get more expensive over time, so these weren't my numbers." There is no evidence that Mo Kenney was disclosed as an opinion witness in this matter.

Defendant argues that White's testimony is inadmissible because the bases upon which her opinion is founded are unknown or, in the case of White's opinions about Plaintiff's ongoing

need for prosthetic devices, because it is inappropriate to simply regurgitate someone else's opinion, presenting it as one's own simply because one opinion witness is not competent to testify independently to the another's particularized knowledge in a field. The United States argues convincingly that it, first, cannot meaningfully assess White's report without knowing from whence came the facts and figures. "Calling around" to unidentified service providers or vendors does not yield the type of reliability based on facts and data contemplated by Rule of Evidence 702 and *Daubert*. 509 U.S. 579 (1993); *see also Davidson v. U.S. Dep't of Health & Human Servs*., No. 7:06-129-DCR, 2007 WL 3251921, at *1 (E.D. Ky. Nov. 2, 2007) (life care plan testimony excluded because basis was unreliable). Nor can White permissibly rely upon the opinion of another, undisclosed opinion witness – here in the field of prosthetics – to determine what prosthetics will be necessary over time and at what cost.

At the end of the day, there is no problem, *per se*, with gathering evidence from other sources as White did or even relying on the opinion of another in articulating her opinion, but the sources of those facts and opinions – be it a home health care service or a prosthetist – must be made known and, when necessary, disclosed. This would make them subject to examination if the other party wishes to do so. Plaintiff

argues that the United States should retain its own experts to rebut White's opinions, but that is premature as the United States cannot make a decision concerning any challenge to White's opinion without knowing the bases of her opinion.

**II.**

Next, the Court considers Defendant's objection to the introduction of certain opinion testimony by Paul Collier, M.D. Plaintiff's theory of the case is that the Veterans Affairs Center—Lexington breached the standard of care when it discharged her following surgery without provisions for antibiotic therapy and that the lapse in antibiotic therapy caused the amputation of her right leg. Defendant's theory of the case is that the loss of Plaintiff's leg stemmed from inadequate muscle coverage not a failure to provide antibiotics. In pursuit of her theory, on August 15, 2016, Plaintiff disclosed Dr. Martin Raff, an infectious disease expert. On October 28, 2016, Defendant disclosed an infectious disease expert, Dr. Ban Mishu Allos, as well as a vascular surgery expert, Dr. Thomas Naslund. Once discovery in this matter closed, the Court granted Plaintiff's motion to permit Dr. Collier to offer rebuttal testimony with respect to Dr. Naslund's opinions, and discovery was reopened in order to permit the deposition of Dr. Collier.

Defendant argues that Dr. Collier's testimony should be limited to matters discussed in his report and, on rebuttal, to those matters discussed in Dr. Naslund's report. Specifically, Defendant asks the Court to exclude Collier's testimony concerning the standard of care for general or vascular surgery or those concerning life expectancy because Collier did not intend to nor did he offer an opinion concerning these issues in his opinion-in-chief nor did Dr. Naslund offer opinions on these issues in his report. At the hearing on this motion, Plaintiff's counsel explained that he felt that any testimony concerning surgery would necessitate a reference to the standard of care and that, in any event, Dr. Naslund responded to his questions about these issues during his deposition.

It is clear what the scope of the opinion testimony offered will be based on the reports of the witnesses. It is no less clear what the scope of any rebuttal testimony is tied to that, although the specifics of what is permissible can only be determined at trial. This is because, with respect to Dr. Naslund, the United States holds the power to open the door to certain rebuttal testimony or, as the case may be, keep it firmly shut based on what counsel asks him. Ultimately, the Court can determine "on the fly" what evidence it may or may not consider while the trial is in progress, and, in this instance,

efficiency will be gained by making that determination based on arguments presented at the time evidence is introduced.

Accordingly, **IT IS ORDERED**:

(1) That Defendant's Motion in Limine to Exclude the Testimony of Carol White [DE 27] is **GRANTED**;

(2) That Carol White's testimony related to the expense of CNA care, RN care, psychology, psychiatry, medical appointments, knee replacement, vehicle cost, and prosthetics is excluded; and

(3) that Defendant's Motion in Limine or, in the Alternative, Motion for Leave to Supplement Expert Disclosure [DE 45] is **DENIED** without prejudice to the renewal at trial of the objections to the rebuttal testimony of Paul Collier, M.D.

This the 31st day of August, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge